Garrick S. Lew SBN 61889
Law Offices of Garrick S. Lew & Associates
600 Townsend Street, Suite 329E
San Francisco, CA 94103-4957
Telephone:    (415) 575-3588
Facsimile:    (415) 522-1506
email:    gsl@defendergroup.com

Attorneys for Defendant Johnson Mai

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>    Plaintiff<br>v.<br>JOHNSON MAI,<br>    a/k/a Zhi Xiong Mai<br>    a/k/a Uncle Hong,<br>    a/k/a Chi Hong Mak,<br>    a/k/a Hong Suk;<br>LISA LEE,<br>    a/k/a Xiao Ling Li;<br>KAI LUN ZHENG,<br>    a/k/a Wai Keung Cheung,<br>    a/k/a Su Ming,<br>    a/k/a Alan Zheng;<br>ZHI EN HUANG,<br>    a/k/a Gao Lo;<br>DAVID YUEN,<br>    a/k/a Lo Wu,<br>    a/k/a Wu So Gor; and<br>ERIC YU HENG CAI<br><br>    Defendants. | No: 3-06-70479 MAG<br><br>[AMENDED ~~PROPOSED~~] ORDER AND STIPULATION FOR CONTINUANCE FROM SEPTEMBER 14, 2007 TO NOVEMBER 2, 2007 AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(8)(A) AND WAIVING TIME LIMITS UNDER RULE 5.1 |

With the agreement of the parties, and with the consent of the defendants, the Court enters this order scheduling a status conference on November 2, 2007 at 9:30 a.m. before duty magistrate judge

Bernard Zimmerman, and documenting the defendants' waiver of the preliminary hearing date under Federal Rule of Criminal Procedure 5.1 and the exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii) and (iv), from September 14, 2007 2007 to and through November 2, 2007. The parties agree, and the Court finds and holds, as follows:

1. The case is very complex and involves international transactions and shipments, foreign banks and complex monetary transactions, extensive wiretap evidence and conversations in different Chinese language dialects. There are multiple defendants and discovery is voluminous. All defense counsel involved are in need of additional time to prepare the case. Furthermore, the government and defense counsel are actively involved in the process of global settlement discussions to resolve all pending charges involving all defendants before the court and additional time is necessary to seek approval of proposed plea agreements with the government.

2. All defendants agree to an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii) on the basis of complexity and (iv) continuity of counsel for effective preparation taking into account the exercise of due diligence.

3. The defendants waive the time limits of Federal Rule of Criminal Procedure 5.1 for preliminary hearing.

4. Accordingly, and with the consent of all parties, the Court (1) alternatively sets a preliminary hearing before the duty magistrate judge on November 2, 2007 at 9:30 a.m. and (2) orders that the period from September 14, 2007 to November 2, 2007 be excluded from the time period for preliminary hearings under Federal Rule of Criminal Procedure 5.1 and from Speedy Trial Act calculations under 18 U.S.C. § 3161(b).

IT IS SO STIPULATED:

DATED: September 13, 2007     /s/    Garrick Lew
                              GARRICK LEW
                              Attorney for Defendant Johnson Mai

DATED: September 13, 2007     /s/    Alice Wong
                              ALICE WONG
                              Attorney for Defendant Lisa Lee

DATED: September 13, 2007     /s/ Gil Eisenberg
GIL EISENBERG
Attorney for Defendant Kai Lun Zheng

DATED: September 13, 2007     /s/ Brian Getz
BRIAN GETZ
Attorney for Zhi En Huang

DATED: September 13, 2007     /s/ Stuart Hanlon
STUART HANLON
Attorney for David Yuen

DATED: September 13, 2007     /s/ Randy Montesano
RANDY MONTESANO
Attorney for Eric Cai

DATED: September 13, 2007     /s/ Thomas Mazzucco
THOMAS MAZZUCCO
Assistant United States Attorney

For the reasons stated above, the Court finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial and that time should be excluded from the Speedy Trial Act calculations from September 14, 2007 through November 2, 2007 for effective preparation of counsel. See 18 U.S.C. §3161(h)(8)(A). The failure to grant the requested continuance would deny the defendants effective preparation of counsel, taking into account the exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(iv).

IT IS SO ORDERED.

DATED:   September 13, 2007



HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge

Stipulation and ~~Proposed~~ Order for Continuance
[3-06-70479] [MAG]